IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-454-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| MELANIE BOYD LEAK, MIA DANIELLE LEAK, and CEDAR HILL HOMEOWNERS ASSOCIATION, INC., | ) | |
| Defendants | ) | |

This matter is before the clerk on the motion for clerk's entry of default against Mia Danielle Leak [DE-25]. Therein, plaintiff seeks entry of default as to defendant Mia Danielle Leak, stating that it served this defendant by publication as authorized by Federal Rule of Civil Procedure 4(e)(1) and North Carolina law.

Federal Rule 4(e)(1) permits a plaintiff to serve an individual defendant pursuant to the law of the "state in which the district court is located." Fed. R. Civ. P. 4(e)(1). North Carolina law permits service of process by publication on a party that cannot through due diligence otherwise be served. Specifically, Rule 4(j1) of the North Carolina Rules of Civil Procedure provides, in pertinent part:

> A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication. Except in actions involving jurisdiction in rem or quasi in rem as provided in section (k), service of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending. If the party's post-office

address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence. Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(a)(2), the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served.

N.C. Gen. Stat. § 1A-1, Rule 4(j1). In this case, plaintiff previously showed, through a declaration of counsel [DE-10-2], its attempts to serve defendant Mia Danielle Leak via personal delivery and a designated delivery service. Plaintiff also has filed a Certificate of Service [DE-22], stating that it published a notice of service of process in The News & Observer, a newspaper qualified for legal advertising in accordance with N.C. Gen. Stat. § 1-597 and 1-589, on April 3, 2018, April 10, 2018, and April 17, 2018. Attached thereto is an affidavit of the publisher, as required by N.C. Gen. Stat. §1-75.10. There is no affidavit showing, however, that a copy of the notice of the service of publication was mailed to defendant "at or immediately prior to the first publication" as required by Rule 4(j1). Instead, plaintiff's counsel states in a declaration that the United States sent a copy of the summons and complaint via FedEx Overnight to defendant Leak on January 24, 2018.

Because statutes authorizing service of process by publication are strictly construed, see Sink v. Easter, 284 N.C. 555, 560, 202 S.E.2d 138, 142 (1974), and because plaintiff has failed to state that it has mailed a copy of the notice of service of publication to the defendant "at or immediately prior to the first publication," the clerk cannot find that default should be entered. Accordingly, the motion for entry of default [DE-25] is DENIED without prejudice.

SO ORDERED. This the  13  day of July, 2018.

Peter A. Moore, Jr.
Clerk of Court