IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
No.: 5-17-cv-00454-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER OF SALE** |
| | ) | |
| v. | ) | |
| | ) | |
| MELANIE BOYD LEAK, | ) | |
| MIA DANIELLE LEAK, and | ) | |
| CEDAR HILL HOMEOWNERS' | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

Upon consideration of the United States' unopposed motion for summary judgment (DE 51), finding no genuine issue of material fact, the motion is GRANTED. Accordingly, the court hereby orders as follows for foreclosure and sale:

IT IS HEREBY ORDERED that the United States has valid and subsisting federal tax liens that encumber the real property commonly known as 541 Pine Ridge Place, Raleigh, North Carolina 27609 (the "Property"), and more particularly described as:

> Condominium Unit 541 Pine Ridge Place in CEDAR HILL CONDOMINIUMS located in the City of Raleigh, Wake County, North Carolina, as designated and described in the Declaration of Unit Ownership under the Provisions of Chapter 47A of the North Carolina General Statutes (the "Declaration") dated October 24, 2983, recorded in Book 3193, Page 269, of the Wake County Registry (see Condominium Plan File, Condominium No. 58, Wake County Registry, for plans), together with a .4348% of a one percent undivided interest in the COMMON PROPERTY AND FACILITIES declared therein to be appurtenant to said Unit. The land upon which the building and improvements are located is situate in the City of Raleigh, Wake County, North Carolina, and is fully described in the Declaration, the Declaration being incorporated herein by reference;

and it is further

ORDERED that the United States' tax liens be enforced through a sale of the Property pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 2001 and 2002 as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") are authorized to offer for public sale and to sell the Real Property on or after April 19, 2021;

2. The terms and conditions of the sale by the IRS PALS of the property is as follows:

   a. The sale of the Property shall be free and clear of the interest of all parties to this action;

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

   c. The sale of the Property will be by public auction under mail-in bid, proxy bid, or via in-person auction at the courthouse of the county or city in which the Property is located, on the premises of the Property, or at the applicable PALS Post of Duty;

   d. The PALS shall announce the date and time for sale and shall provide to the Defendants no less than 30 days written notice of the date, time, and place of the scheduled sale;

   e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Wake County, North Carolina, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of the sales in this Order of Sale;

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid;

g. At the time of the sale, the successful bidder shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of North Carolina, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale. No bids will be accepted form any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

h. The successful bidder shall pay the balance of the purchase price for the Property to the clerk of this Court within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Eastern District of North Carolina shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Melanie Boyd Leak. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

i. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit them into the Court's interest bearing registry account for distribution pursuant to further order of this Court;

j. The sales of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deed conveying the subject

3

property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the subject property that are held or asserted by all parties to this action are discharged and extinguished;

   k. When this Court confirms the sale, the Recording Official of Wake County, North Carolina, shall cause transfer of the subject property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

   l. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

  3. Until the Property is sold, Mia Danielle Leak shall neither do anything that tends to reduce the value or marketability of the Property nor grant permission to anyone else to do so. Melanie Boyd Leak shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit any else to do so.

  4. All persons occupying the subject property shall vacate the property permanently on or before April 19, 2021, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to vacate the property by April 19, 2021, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. The U.S. Marshal is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force to enter and remain on premises, which includes, but is not limited to, the land, the building, and any other structures located thereon, for

4

Case 5:17-cv-00454-FL   Document 56   Filed 02/17/21   Page 4 of 6

the purpose of executing this Order. The U.S. Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

5. Any personal property remaining on the Property on April 19, 2021 is deemed forfeited and abandoned, and the PALS are authorized to dispose of such personal property in any manner they see fit, including sale, in which case the proceeds of the sales are to be applied first to the expenses of sales and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the District Court for the Eastern District of North Carolina, and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

6. Subsequent to the sale of the Property, and until the deed to the Property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. In accordance with the Judgment in this case, the United States has valid and subsisting tax liens of $679,686.61 as of November 30, 2020, plus statutory interest and additions accruing on that amount.

8. After the Court confirms the sales, the sale proceeds deposited with the Clerk of this Court shall be applied to the following items, in the order specified:

    a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and

    b. The remainder to the United States.

In accordance with the foregoing, the clerk is DIRECTED to enter judgment in this case providing that:

(i) Plaintiff's motion for summary judgment is GRANTED.

(ii) the United States has valid federal tax liens against the real property known as 541 Pine Ridge Place, Raleigh, North Carolina 27609;

(iii) that the federal tax liens be foreclosed; and

(iv) that the property be sold with the proceeds to be distributed to the United States to be applied against the amounts owed for the tax years at issue, all in accordance with the terms of this order.

Thereupon, the clerk is DIRECTED to close this case. The court shall retain jurisdiction over this matter solely for purposes of enforcing this order and judgment, and confirming the sale of the property as ordered herein.

**IT IS SO ORDERED, this the 17th day of February, 2021.**

HON. LOUISE W. FLANAGAN
United States District Judge