IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-454-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MELANIE BOYD LEAK, MIA )<br>DANIELLE LEAK, and CEDAR HILL )<br>HOMEOWNERS ASSOCIATION, INC., )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on motion for emergency relief, filed by defendant Mia Danielle Leak ("defendant"), which the court construes as a motion for relief from the court's February 17, 2021, order and judgment, pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff responded in opposition, and defendant supplemented her motion. In this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff commenced this action on September 7, 2017, to enforce federal tax liens against real property located at 541 Pine Ridge Place, Raleigh, North Carolina (the "Property") titled in defendant's name. Defendant filed an answer on February 22, 2019,[1] and she filed a notice of self-

---

[1] The court allowed defendant to file her answer out of time, and to set aside entry of default, by text order entered April 9, 2019. The clerk entered default against other defendants Cedar Hill Homeowners Association and Melanie Boyd Leak on March 20, 2018.

representation on April 23, 2019, which specified her mailing address as the address of the property.

Case management order entered June 11, 2019, setting a May 4, 2020, deadline for dispositive motions, subsequently extended to November 4, 2020. On November 4, 2020, plaintiff moved for summary judgment, providing a proposed order for foreclosure and sale of the property. The court mailed to defendant at her address of record a notice of the right to respond to the motion (the "court's notice letter"), warning of the consequences of failure to respond. Plaintiff did not respond to the summary judgment motion.

On February 17, 2021, the court granted the summary judgment motion and entered its order of sale and judgment, providing that: (1) the United States has valid federal tax liens against the property; (2) the federal tax liens shall be foreclosed; and (3) the property shall be sold with the proceeds to be distributed to the United States to be applied against the amounts owed for the tax years at issue, all in accordance with the terms of the order. The court retained jurisdiction over this matter solely for purposes of enforcing the order and judgment, and confirming the sale of the property as ordered therein.

On April 9, 2021, the court's notice letter was returned as not deliverable. On May 6, 2021, defendant filed a notice of change of address, stating that her address is now P.O. Box 187, New Albany, Ohio. Defendant also filed the instant motion, seeking to reopen the case to prevent the sale of the property, and to secure return of her personal belongings. Defendant relies upon correspondence from the Internal Revenue Service.

Plaintiff responded in opposition to the motion, on May 20, 2021, relying upon a declaration by counsel for plaintiff, and correspondence between counsel and defendant.

Defendant supplemented her motion on July 7, 2021, with additional documentation from the postmaster in New Albany, Ohio.

**COURT'S DISCUSSION**

A.    Standard of Review

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). To prevail under this rule, a movant must first make a threshold showing demonstrating: (1) timeliness, (2) a meritorious claim or defense, (3) that the opposing party will not suffer unfair prejudice from setting aside the judgment, and (4) that exceptional circumstances warrant the relief. See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). Once that threshold showing has been made, the court may consider specified grounds for relief, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

B.    Analysis

    1.    Property Sale

Here, with respect to that part of the motion wherein plaintiff seeks to prevent the sale of the property, plaintiff does not make a threshold showing for relief, because she has not demonstrated a meritorious defense to the sale of the property.

In particular, plaintiff has not demonstrated any genuine issue of material fact that: (i) the United States assessed federal income tax liabilities in 2001 and 2002 against defendant's mother, Melanie Boyd Leak, at which time federal tax liens arose against all property; (ii) in 2004, Melanie Boyd Leak purchased the property, at which time the federal tax liens attached to the property; and (ii) she afterward gave the home to defendant as a gift, for no value. (See Pl's Stmt. Facts (DE 53) at 1-2). Based upon these undisputed facts, plaintiff is entitled to enforce its liens, sell the property,

and apply the proceeds to Melanie Boyd Leak's unpaid tax liabilities. See 26 U.S.C. §§ 6321, 6323, and 7403.

Plaintiff's asserted reasons for changing mailing address and correspondence received from the Internal Revenue Service do not provide meritorious defenses to enforcement of the tax liens through sale of the property. For example, the Internal Revenue Service correspondence upon which plaintiff relies is addressed to Melanie Boyd Leak, it does not reference the property, and it pertains to the revocation of a certificate of release of federal tax lien. (DE 60-1).

Accordingly, plaintiff has not made a threshold showing for relief under Rule 60(b) with respect to that part of the motion seeking to prevent a sale of the property.

2. Personal Belongings

By contrast, the court finds merit in a limited part of defendant's motion wherein she seeks return of her personal belongings. The court's order of sale provides, in pertinent part, for the "public sale . . . [of] the Real Property," comprising the property as defined herein, on or after April 19, 2021, by the Internal Revenue Service, Property Appraisal and Liquidation Specialists ("PALS). (DE 56 at 2) (emphasis added).

With respect to personal belongings, the order states: "All persons occupying the subject property shall vacate the property permanently on or before April 19, 2021, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property)." (Id. at 4). Further, it provides, "[a]ny personal property remaining on the Property on April 19, 2021 is deemed forfeited and abandoned, and the PALS are authorized to dispose of such personal property in any manner they see fit, including sale, in which case the proceeds of the sales are to be applied first to the expenses of sales and the balance to be paid into the Court for further distribution." (Id. at 5) (emphasis added). "Checks for the purchase of the

4

personal property shall be made out to the Clerk of the District Court for the Eastern District of North Carolina, and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court." (Id.). In other words, personal property is not sold to satisfy plaintiff's tax liens, but rather can be disposed as PALS sees fit.

Here, defendant has demonstrated a meritorious equitable claim to her personal belongings. On the one hand, defendant is at fault for not updating her address with the court, which is required under the court's local rules. See Local Civil Rule 83.3. That failure contributed directly to the abandonment and forfeiture of her personal belongings under the terms of the court's February 17, 2021, order. On the other hand, defendant has demonstrated hardship resulting from water intrusion into her residence, relocation to assist her mother, and difficulties with mail forwarding. Furthermore, plaintiff also has not expressed any prejudice resulting from return of defendant's personal belongings, if they are not already disposed.

In addition, defendant states that she contacted the Internal Revenue Service agent at the number provided on a sign in the window of the property, and that an agent "ask[ed] what was important to [her] in the home, where it'd been located," but "refus[ed] to allow [defendant] to have someone retrieve the 'valuable' belongings." (DE 60 at 1-2). This suggests that defendant's personal belongings remain intact. Defendant describes her personal belongings as including her "documents, bicycle, paperwork, weapons, firearms, ammunition, furniture, clothing, photographs, jewelry, art, [and] electronics." (Id. at 4). If these items remain intact, equity dictates that they be returned to defendant under the unique circumstances of this case.

Accordingly, the court, in its discretion, amends its February 17, 2021, order of sale in limited part to direct return of defendant's belongings to her, to the extent defendant's personal belongings have not yet been disposed or sold. To the extent defendant's personal belongings

5

Case 5:17-cv-00454-FL   Document 63   Filed 07/26/21   Page 5 of 6

have been disposed or sold, and if there are any proceeds not already applied to expenses, further order of the court may be warranted. To facilitate return of any of defendant's personal belongings and accounting regarding the same, the court directs plaintiff to file, within 21 days of the date of this order a notice regarding the status of defendant's personal belongings, including but not limited to documents, bicycles, paperwork, weapons, firearms, ammunition, furniture, clothing, photographs, jewelry, art, and electronics, including an accounting of any items disposed or sold.

## CONCLUSION

Based on the foregoing, defendant's motion (DE 60) is GRANTED IN PART and DENIED IN PART as set forth in more detail herein. In particular, that part of the motion seeking to prevent sale of the property, as directed in the court's February 17, 2021, order, is DENIED. That part of the motion seeking return of defendant's personal belongings is GRANTED on the limited terms set forth herein. In particular, the court AMENDS its February 17, 2021, order of sale in limited part to direct return of defendant's personal belongings to her, to the extent defendant's personal belongings have not yet been disposed or sold. All other terms and conditions set forth in the court's February 17, 2021, order and judgment, not altered herein, shall remain in full force and effect. The court DIRECTS plaintiff to file, within 21 days of the date of this order a notice regarding the status of defendant's personal belongings, as set forth herein.

SO ORDERED, this the 26th day of July, 2021.

                                                       LOUISE W. FLANAGAN
                                                      United States District Judge